IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANDREA JENKINS,<br><br>Plaintiff,<br><br>vs.<br><br>RAY HARRIS et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>& ORDER<br><br>Case No. 2:19-cv-00886-DAK<br><br>Judge Dale A. Kimball |

### INTRODUCTION

This matter is before the court on Plaintiff's Motion for Leave of Court to File Second Amended Complaint (ECF No 36) (or the "Motion to Amend") and Defendants' Motion for Summary Judgment. (ECF No. 27.) After carefully considering the memoranda, docket, and the law and facts relating to this motion, the court issues the following Memorandum Decision and Order.

### BACKGROUND

On January 14, 2020, Plaintiff filed a complaint against the State of Utah, Ray Harris, Marie Loosle, Tina Sweet, and Does I–V. (ECF No. 3, Caption.) On April 16, 2020, Defendants filed a Motion for Judgment on the Pleadings. (ECF No. 13.) On July 23, 2020, the court ruled on Defendants' Motion for Judgment on the Pleadings. (ECF No. 22). In its order, the court dismissed some of Plaintiff's claims and allowed Plaintiff to amend her complaint to "cure the defects in her complaint." (ECF No. 22 at 12.) Specifically, Plaintiff needed to clarify that her Section 1983 claim was against the individual defendants and not the State. (ECF No. 22 at 12 ("Jenkins asks the court for leave to amend her complaint in order to more clearly assert her

Section 1983 claim against the individual defendants" because "it would be helpful for clarification purposes").)

On August 13, 2020, Plaintiff filed her amended complaint. (ECF No. 23.) In the caption of her 60-page amended complaint, Plaintiff removed the State of Utah as a named defendant. (ECF No. 23, Caption). The same day, the court terminated the State of Utah as a defendant in this case to reflect the changes Plaintiff made to her complaint. It is important to note that the body and factual allegations contained in the Amended Complaint remained largely unchanged from Plaintiff's original Complaint. (ECF No. 23.)

On November 24, 2020, Defendants filed their Motion for Summary Judgment. (ECF No. 27.) After three stipulated motions for extension of time to file a response to Defendants' Motion for Summary Judgment (ECF No. 31, 33, 35), Plaintiff simultaneously filed her Opposition to Defendants' Motion for Summary Judgment (ECF No. 37) and a Motion to Amend. (ECF No. 36.) Defendants oppose Plaintiff's Motion to Amend, arguing that it is prejudicial and untimely.

Given this procedural background, the court will first address Plaintiff's Motion for Leave to File a Second Amended Complaint. Then, the court will address Defendants' Motion for Summary Judgment.

## I.     Plaintiff's Motion to Amend

"The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15 (b)(1). In other words, a plaintiff

> ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962).

Undue delay is certainly a reason upon which the court may deny a motion to amend. *Id*. Nevertheless, "delay alone is an insufficient ground to deny leave to amend. At some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *USX Corp. v. Barnhart,* 395 F.3d 161, 167 (3d Cir. 2004) (internal citations and quotation marks omitted); *see also eMinter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). The inquiry of whether a delay is undue "focuses primarily on the reasons for the delay." *Prime Equip. Co.,* 451 F.3d at 1206.

> It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

*Frank v. U.S. W., Inc.,* 3 F.3d 1357, 1365–66 (10th Cir. 1993) (internal citations, quotation marks, and formatting omitted).

In this case, Plaintiff seeks leave to again add the State as a defendant. Plaintiff states that she never intended to remove the State as a defendant and that she "moves to be able to file a Second Amended Complaint only for the purposes of alleging and clarifying that her First and Second Causes of Action . . . lie against the State of Utah." (ECF No. 36.)  Defendants oppose Plaintiff's request, arguing that Plaintiff's request for leave to amend is untimely and prejudicial. Here, Plaintiff should have known that the State was no longer named as a defendant when the court terminated the State of Utah as a defendant on August 13, 2020—nearly six months before Plaintiff filed her Motion to Amend. At the very latest, Plaintiff knew for certain that the State was no longer a defendant when Defendants moved for summary judgment on November 24,

2020—nearly three months before Plaintiff filed her Motion to Amend. (ECF No. 27.) The question thus becomes whether a six-month delay is "undue" in this instance.

Whether the delay was undue in this instance is a close question. The court agrees with Defendants that Plaintiff has not been careful in her pleadings. This is the second time that Plaintiff has requested leave to clarify or correct her pleadings because she asserted one or more of her claims against an improper, unnamed party. Defendants are justifiably bothered by Plaintiff making this same request again. Plaintiff's errors and lack of clarity have resulted in extra, unnecessary work for Defendants and the court. Plaintiff should have been aware that the State had been removed as a defendant six months before filing for leave to amend. Even giving Plaintiff the benefit of the doubt that she was unaware of the court removing the State as a defendant in August, she was—at the very least—aware of the State's removal three months prior to filing her Motion to Amend. This does not mean, however, that the law requires that the court deny Plaintiff's motion. The court broad discretion in this matter and amendments are to be freely given.

Despite Plaintiff's error, the court will allow her to amend her complaint. It does appear that Plaintiff only removed the State from the caption. Plaintiff did not make substantive changes to the factual allegations contained in the Complaint (ECF No. 3) when she filed her First Amended Complaint. (ECF No. 23.) Since this error was apparently inadvertent, the court will allow Plaintiff to amend her complaint for the limited purpose of clarifying that the State is an intended defendant and which claims she intends to assert against the State and the individual defendants. The court also urges Plaintiff to be more cautious in her pleadings. The court feels that allowing Plaintiff leave to amend complies with Rule 15's language that requires courts to

"freely permit" amendments. Fed. R. Civ. P. 15. Plaintiff has 21 days from the date of this order to amend her complaint.

## II. Defendants' Motion for Summary Judgment

Since the court is allowing Plaintiff to amend her complaint, it will not reach the merits of Defendants' Motion for Summary Judgement. The court will deny Defendants' motion as moot.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's Motion for Leave of Court to File Second Amended Complaint. (ECF No. 36.) Plaintiff has 21 days to amend her complaint. The court encourages Plaintiff to limit her amendments to simply clarify that the State is an intended defendant and which claims she intends to assert against the State and the individual defendants. Additionally, the court DENIES Defendants' Motion for Summary Judgment (ECF No. 27) since their motion is now moot.

DATED this 18th day of March, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge