IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANDREA JENKINS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>    Defendants. | ORDER<br><br>Case No. 2:19-cv-00886-DAK-JCB<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

  This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are: (1) Plaintiff Andrea Jenkins's ("Ms. Jenkins") counsel's motion to withdraw,[2] and (2) Ms. Jenkins's motion for appointment of counsel.[3] The court addresses the motions in turn below. Based upon the following analysis, the court grants Ms. Jenkins's counsel's motion to withdraw and denies Ms. Jenkins's motion for appointment of counsel.

  First, the court grants Ms. Jenkins's counsel's motion to withdraw. Ms. Jenkins's counsel moved to withdraw, and Ms. Jenkins filed a response urging the court to grant counsel's motion.[4]

---

[1] ECF Nos. 4, 18.

[2] ECF No. 48.

[3] ECF No. 51.

[4] *Id*. at 13.

Because counsel and Ms. Jenkins agree to the withdrawal and because the motion complies with DUCivR 83-1.4, Ms. Jenkins's counsel is permitted to withdraw from this case.

Second, the court denies Ms. Jenkins's motion for appointment of counsel. Ms. Jenkins asks the court to appoint counsel because: (1) she lacks legal knowledge and skills, (2) "it is highly unlikely" that she will be able to find an attorney to represent her on a contingency basis, and (3) she cannot afford to pay an attorney to represent her.[5] Although "[t]here is no constitutional right to appointed counsel in a civil case,"[6] the court may appoint an attorney to represent a litigant who is unable to afford counsel.[7] "The appointment of counsel in a civil case is left to the sound discretion of the district court."[8] When exercising its discretion whether to appoint counsel, the court considers certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims."[9] Ultimately, "[t]he burden is upon

---

[5] *Id.*

[6] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).

[7] 28 U.S.C. § 1915(e)(1). Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil action, such as the one at issue here, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[8] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[9] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

the applicant to convince the court that there is sufficient merit to [her] claim[s] to warrant the appointment of counsel."[10]

Ms. Jenkins fails to meet her burden because, among other things, she presents no argument concerning the merits of her case. For that reason alone, her request for appointed counsel fails. Second, the nature of the factual issues raised by Ms. Jenkins's claims do not appear to be complicated or difficult to explain. Third, although the court acknowledges Ms. Jenkins's alleged financial difficulties, there is no indication that she is unable to pursue this case adequately. Finally, the legal issues raised by Ms. Jenkins's claims are not so complex as to require the appointment of counsel. For those reasons, Ms. Jenkins's motion for appointment of counsel is denied at this time without prejudice. Consequently, if it appears that counsel may be needed or of specific help after this case progresses, the court may then ask an attorney to appear pro bono on Ms. Jenkins's behalf.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Ms. Jenkins's counsel's motion to withdraw[11] is GRANTED.

2. Ms. Jenkins's counsel is permitted to withdraw from this case.

3. Ms. Jenkins's motion to appoint counsel[12] is DENIED.

---

[10] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

[11] ECF No. 48.

[12] ECF No. 51.

IT IS SO ORDERED.

DATED November 18, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge